UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAY S. KRAVITZ,

Plaintiff,

v.

ANTHONY ANNUCCI, *et al*.,

Defendants.

No. 16-CV-8999 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff brings this pro se Action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated Plaintiff's constitutional rights by preventing him from observing the Jewish holiday of Shavuot while he was incarcerated at Fishkill Correctional Facility ("Fishkill").[1] (*See generally* Third Am. Compl. ("TAC") (Dkt. No. 80).) The general factual allegations have been summarized previously by this Court in its Opinion & Order partially granting and partially denying Defendants' Motion To Dismiss the Second Amended Complaint ("SAC"). (*See* Op. & Order ("2019 Op.") 2–3 (Dkt. No. 63).) In that Opinion, the Court declined to dismiss Plaintiff's First Amendment Free Exercise claim, either on its merits or on qualified immunity grounds. (*See id*. at 6–14.)

Following the issuance of the 2019 Opinion, Plaintiff was instructed to file a third amended complaint within 30 days. (*See id*. at 22–23.) The case was also scheduled for a status conference for May 23, 2019. (*See id*. at 23.) Plaintiff failed to appear for the Status Conference, and the Court issued an Order To Show Cause as to why the Action should not be

[1] "Defendants" refers to Anthony Annucci ("Annucci"), S. Purcell ("Purcell"), A. Baker ("Baker"), L. Andreu ("Andreu"), D. McCray ("McCray"), G. St. Victor ("Victor"), D. McMahon ("McMahon"), Officer Waseiler ("Waseiler"), and Sgt. Zupan ("Zupan").

dismissed for failure to prosecute. (*See* Dkt. No. 68.) Plaintiff wrote to the Court asking for his absence to be excused and for the Court to schedule another conference, which it did. (*See* Dkt. Nos. 69–70.) However, Plaintiff once again failed to appear, and the Court issued another Order To Show Cause. (*See* Dkt. (minute entry for June 19, 2019); Dkt. No. 71.) Plaintiff then submitted an Affidavit claiming that he was not aware of the previously scheduled Status Conference. (*See* Dkt. No. 72.) After multiple additional delays, Plaintiff finally filed the Third Amended Complaint (the "TAC") on December 5, 2019. (*See* TAC.)

Defendants Andreu, Baker, McCray, McMahon, Purcell, Victor, Weseiler, and Zupan Answered the TAC. (*See* Answer (Dkt. No. 81).) However, Defendant Annucci submitted a Pre-Motion Letter seeking leave to file a motion to dismiss as to any claims against him. (*See* Dkt. No. 82.)

Annucci filed his Motion To Dismiss the TAC (the "Motion") on January 30, 2020. (*See* Not. of Mot.; Annucci's Mem. of Law in Supp. of Mot. ("Annucci's Mem.") (Dkt. Nos. 84, 87).) Plaintiff filed an Affidavit on February 28, 2020, stating that he conceded that Annucci should be dismissed from the Action. (*See* Pl.'s Aff. in Resp. to Mot. ("Pl.'s Aff.") (Dkt. No. 88).) Annucci submitted a Reply stating that Plaintiff had conceded that he could be dismissed from the Action and that the Court should grant his Motion. (*See* Annucci's Reply Mem. of Law in Supp. of Mot. ("Annucci's Reply Mem.") (Dkt. No. 89).) Although Plaintiff has himself noted that he concedes that Annucci may be dismissed from this Action, given Plaintiff's pro se status, the Court independently reviews Annucci's arguments.

Annucci argues that any claim against him in his official capacity is barred by the Eleventh Amendment and that any claim against him in his individual capacity fails because

Plaintiff fails to allege that Annucci was personally involved in any alleged constitutional violation. (*See* Annucci's Mem. 1.)

A. Eleventh Amendment

The Eleventh Amendment bars suits by individuals against a state in federal court without that state's consent. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–68 (1997). This principle of sovereign immunity extends to state agencies. *See McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001); *Mancuso v. N.Y. State Thruway Auth.*, 86 F.3d 289, 292 (2d Cir. 1996); *Owens v. Coughlin*, 561 F. Supp. 426, 428 (S.D.N.Y. 1983). New York has not consented to being sued in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977) (noting that New York state has consented only to being sued in the New York Court of Claims); *Lyerly v. Phillips*, No. 04-CV-3904, 2005 WL 1802972, at *3 (S.D.N.Y. July 29, 2005) (noting that the New York Department of Corrections and Community Supervision ("DOCCS") is immune from federal lawsuits); *Bryant v. N.Y. State Dep't of Corr. Servs. Albany*, 146 F. Supp. 2d 422, 425 (S.D.N.Y. 2001) (noting that it is "beyond dispute" that New York and its agencies have not consented to being sued in federal court (citations and quotation marks omitted)).

Further, while, in some instances, Congress may abdicate a state's sovereign immunity, *see, e.g.*, *United States v. Georgia*, 546 U.S. 151, 158–59 (2006); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976), Congress did not do so in § 1983, *see Haywood v. Drown*, 556 U.S. 729, 74 n.4 (2009) ("[A] plaintiff seeking damages against [a] State . . . cannot use § 1983 as a vehicle for redress because a State is not a 'person' under § 1983." (citation omitted)); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity . . .

."); *Fitzpatrick*, 427 U.S. at 452 ("[Section 1983] could not have been intended to include States as parties defendant."); *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of § 1983 action for damages against state employees in their official capacities on sovereign immunity grounds); *Mateo v. Fischer*, 682 F. Supp. 2d 423, 429 (S.D.N.Y. 2010) (noting that the Eleventh Amendment bars federal lawsuits seeking damages under § 1983 against state entities). Any damages claim against Annucci in his official capacity is considered a damages claim against New York State itself, and therefore, must be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985) (explaining that the Eleventh Amendment bars a damages action against State officials sued in their official capacity); *Adams v. Annucci*, No. 17-CV-3794, 2018 WL 4608216, at *1 n.1 (S.D.N.Y. Sept. 25, 2018) (dismissing claim against Annucci in his official capacity on Eleventh Amendment grounds).

B.  Personal Involvement

To the extent Plaintiff seeks to bring any claim against Annucci in his personal capacity, it fails because Annucci's personal involvement in any constitutional violation is not plausibly alleged within the TAC.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F. 3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must show that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited

> deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Id*. at 139 (italics and quotation marks omitted) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). In other words, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff mentions Annucci only once in his TAC. The sole allegation as to Annucci is that he was the "acting commissioner of the NYS Department of Corrections." (TAC ¶ 4.) But Plaintiff does not allege any facts suggesting that Annucci played any role in his purported constitutional violation. And to the extent Plaintiff seeks to hold Annucci generally liable for the acts of his subordinates, § 1983 cannot support such a theory of "vicarious liability." *See Iqbal*, 556 U.S. at 676; *see also Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) ("An individual cannot be held liable for damages under § 1983 merely because he held a high position of authority, but can be held liable if he was personally involved in the alleged deprivation." (citation and quotation marks omitted)); *Rivera v. Westchester County*, No. 18-CV-8354, 2019 WL 3958425, at *3 (S.D.N.Y. Aug. 22, 2019) ("Where a defendant is a supervisory official, a mere 'linkage' to the unlawful conduct through the 'chain of command' (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct." (citation and quotation marks omitted)). Accordingly, any claim against Annucci in his personal capacity must also be dismissed.

C. Conclusion

Therefore, both because Plaintiff has conceded it and because the law dictates as such, any claims against Defendant Annucci are dismissed. The Action will continue as to the other

Defendants. The Court will hold a telephonic status conference on July 22, 2020, at 10:00 a.m. to discuss a discovery schedule and case management plan.

Counsel for Defendants are ordered to mail a copy of this Order to Plaintiff at the address listed on the Docket and certify to the Court that they did so by July 17, 2020.

The Clerk of Court is requested to terminate the instant Motion, (Dkt. No. 84).

SO ORDERED.

Dated: July 14, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE