**SIDLEY**

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

+1 202 736 8048
DHAY@SIDLEY.COM

January 16, 2025

Via ECF

Honorable Kenneth M. Karas
United States District Court
  for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building
  and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *Kravitz v. Annucci*, No. 7:16-cv-8999 (KMK)

Dear Judge Karas:

      Plaintiff Jay S. Kravitz, with the gracious consent of the Defendants, respectfully submits this letter pursuant to Fed. R. Civ. P. 30(a)(2)(B) and Local Rule 37.2 for an order granting Plaintiff leave to take the deposition by oral testimony of incarcerated witness Bakhosheq Allan.

      Plaintiff has identified Mr. Allan as the inmate who was the Jewish Cadre at the Downstate Facility during the Shavout services of 2014 when the events alleged in the Complaint occurred. Mr. Allan is now incarcerated at Attica Correctional Facility ("Attica CF") in Attica, NY, with a projected earliest release date of March 2, 2028. Plaintiff seeks to depose Mr. Allan because his knowledge of the 2014 Shavout services at Downstate and testimony are material to Plaintiff's claims that Defendants infringed his First Amendment rights.

      Leave to depose is proper here because Mr. Allan's testimony is material to Plaintiff's trial preparation and the deposition will not unreasonably interrupt prison operations. Under Fed. R. Civ. P. 30(a)(2)(B), "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the deponent is confined in prison." In evaluating whether the request is "consistent with Rule 26(b)(2)," the Court can consider "(1) whether the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; (2) whether the party seeking the discovery has had ample opportunity to obtain the information; and/or (3) whether the discovery falls outside the scope of discovery permitted by Rule 26(b)(1)." *Medina v. Cnty. of Los Angeles*, No. 2:21-cv-05554-DMG-KESx, 2022 WL 16847547, at *3 (C.D. Cal. Oct. 4, 2022) (citing Fed. R. Civ. P. 30(a)(2)). Leave should be granted "as long as the deposition can be conducted without undue imposition on prison authorities." *El Camino Resources, Ltd. v. Huntington Nat'l Bank*, No. 1:07-cv-598, 2009 U.S. Dist. LEXIS 36704, at *2 (W.D. Mich. Apr. 30, 2009). Other courts have granted leave to depose when no

# SIDLEY

Page 2

objections were raised. *See Beasley v. Wells Fargo Bank, NA*, No. 6:20-cv-883-WWB-EJK, 2022 WL 3098951, at *3 (M.D. Fla. Jan. 19, 2022) ("The Court, therefore, should permit the deposition of an incarcerated individual unless an objecting party can show why the deposition is impermissible under these rules." (quoting *Aviation Koncepts, Inc. v. Starr Indem. & Liab. Co.*, No. 19-60513-civ, 2019 WL 7708456, at *1 (S.D. Fla. Nov. 27, 2019))); *In re J&J Investment Litigation*, No. 2:22-cv-00529-GMN-NJK, 2024 WL 3582105, at *1 (D. Nev. July 9, 2024).

Here, the proposed deposition of Mr. Allan is consistent with Rule 26 because Mr. Allan witnessed the alleged events of the Complaint and has material testimony not otherwise available to Plaintiff. Mr. Allan's testimony is material to Defendants' conduct during the June 4 Shavout observances, including whether they interrupted prayers. *See* Dkt. 144 (Defs.' Resp. To Pl.'s R.56.1 Statement) (disputing interruption of prayers). Moreover, Mr. Allan's projected earliest release date is over three years from now, and therefore, deposing Mr. Allan in prison is necessary if Mr. Kravitz is to preserve Mr. Allan's testimony trial before fact discovery ends. Defendants do not object to this deposition as inconsistent with Rule 26(b)(2).

Considering the impact on the prison authorities, Plaintiff's counsel have discussed a potential deposition with staff members at Attica CF, who will assist with coordination, scheduling, and logistics. Should the Court grant leave, counsel for Plaintiff will coordinate with prison authorities, counsel for Defendants, and any counsel retained by Mr. Allan to minimize any disruptions to Attica CF.[1]

We thank the Court for its attention in this matter.

Hiram S. Sasser, III (*pro hac vice*)
FIRST LIBERTY INSTITUTE
2001 W. Plano Parkway, Suite 1600
Plano, TX 75075
(972) 941-4444

Granted.

So Ordered.
1/17/25

Respectfully submitted,
/s/ *Daniel J. Hay*
Daniel J. Hay
Dino L. LaVerghetta
Mackenzi J. Siebert Ehrett (*pro hac vice*)
Aaron Haviland (*pro hac vice*)
Sydney Volanski (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K St. NW
Washington, DC 20005
(202) 736-8901

---

[1] Plaintiff's counsel has notified Mr. Allan of his possible deposition in this matter and understands he may engage counsel.