UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JAY KRAVITZ,

               Plaintiff,

   - against -

SAMUEL PURCELL, ADOLPHUS BAKER,
LUIS ANDREU, DAVID MCCRAY,
GREGORY ST. VICTOR, DAVID MCMAHON,
JOSEPH WASSWEILER, AND JOHN ZUPAN

               Defendants.
------------------------------------------------------------- X

16-CV-8999 (KMK)

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

WHEREAS the materials sought by the Parties in this case concern, but are not limited to, documents and information in the possession of the New York State Department of Corrections and Community Supervision ("DOCCS"), and may: (a) contain highly sensitive information, policies, procedures, or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order; (b) contain information that is confidential under state or federal law; or (c) contain personal or confidential information;

IT IS HEREBY STIPULATED, AGREED, and ORDERED that the following restrictions and procedures shall apply to the information, testimony, and documents produced by the Parties, and as appropriate, non-parties, in this action:

1.    As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2. As used herein, the term Personally Identifying Information ("PII") includes any representation of information that permits the identity of an individual to whom the information applies to be reasonably inferred by either direct or indirect means (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft). PII exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure.

3. Counsel for any Party or any third-party subpoena recipient may designate any documents, information and witness testimony, in whole or in part, as "Confidential Material" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is sensitive, non-public information. As used herein, "Confidential Material" shall include, but is not limited to, documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which Defendants or DOCCS reasonably believe would jeopardize correctional or institutional safety, security, or good order, or which contain information that is confidential under state or federal law.

4. Information and documents designated by a Party as Confidential Material will be stamped "CONFIDENTIAL."

5. Counsel for any Party or third-party subpoena recipient may further designate certain Confidential Material as "Attorney's Eyes-Only." The Parties should meet and confer if any production requires a designation of "Attorney's Eyes-Only." However, Defendants may designate as "Attorney's Eyes-Only" any Confidential Material in the following categories without meeting and conferring with Plaintiff, but only to the extent that Defendants have a good faith basis for believing that the disclosure of such documents to Plaintiff would significantly and irreparably jeopardize correctional or institutional safety or security or good order Information and

documents designated by a party as Attorney's Eyes-Only will be stamped "ATTORNEY'S EYES-ONLY." In particular, the following materials may be designated "Attorney's Eyes-Only":

    a.    Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

    b.    Health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations records that contain PII concerning any employee of DOCCS, any incarcerated individual in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

    c.    Personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling, which would not otherwise be subject to a public right of access under the Freedom of Information Law ("FOIL"), Article 6 (Sections 84-90);

    d.    Directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are not publicly available and are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

   e. DOCCS training materials that are not publicly available and refer to or concern correctional, community supervision or institutional safety, security, or good order; and

   f. Any other records, photographs, videos, maps, diagrams, or materials that the Defendants reasonably believe would compromise the safety or security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public.

6. The following process shall govern the designation of transcripts of depositions taken in this Action as "Confidential Material" and/or "Attorney's Eyes Only":

   a. Transcripts of depositions taken in this Action will be treated as Confidential Material in their entirety for fourteen (14) days (the "Review Period") after being notified that a full and final copy of the deposition transcript is available. The transcript shall not be deemed Attorney's Eyes Only unless counsel for a Party makes a request for such treatment on the record prior to the conclusion of the deposition. Such request must reasonably state the portion(s) of the deposition for which counsel has a good-faith basis to believe may merit Attorney's Eyes-Only treatment.

   b. During that Review Period, either Party may designate as Confidential Material and/or Attorney's Eyes-Only, consistent with the meaning of what is described in Paragraphs 3 or 5 herein, specific portions of the transcript, by page and line, together with any deposition exhibits which contain Confidential Material referred to therein. Such designations must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective.

  c. Any portion of the deposition transcript or exhibits not so designated during the Review Period will not be treated as Confidential Material or Attorney's Eyes-Only.

  d. Exhibits used in any deposition shall be treated consistent with their designation under Paragraphs 3 or 5 herein. Nothing contained herein shall remove a previous Confidential Material or Attorney's Eyes-Only designation from any exhibit mentioned, referenced, marked, identified, or otherwise utilized during the deposition.

  e. To the extent the Parties disagree about the designation of any portion of a transcript, the Parties shall follow the dispute resolution process at Paragraph 10 herein.

7. Notwithstanding the treatment as Confidential Material or Attorney's Eyes-Only, with respect to personnel, health care or mental health care records that contain PII concerning any employee of DOCCS or any incarcerated individual in the custody of DOCCS who is not a party to this action, it is understood that the names, residence addresses, employee insurance information, Social Security numbers, NYSID and FBI numbers and/or Department Identification Numbers ("DIN") of any employee, incarcerated individual, or other person who has not provided Defendants with a duly executed authorization permitting disclosure of such information may be redacted from the documents produced by Defendants or non-parties, provided however that any redactions under this paragraph shall bear a unique identifier for each individual whose information has been redacted and sufficient information to determine whether such individual is a DOCCS employee or inmate, and for any DOCCS employees a description of their role (e.g., guard, supervisor, administrator). Nothing in this paragraph shall be construed to foreclose Plaintiff from seeking relief from Defendants or the Court based upon a good faith belief that the

identity of a redacted individual may be material to Plaintiff's case, such as a determination that the individual may be a witness.

8. An inadvertent failure to designate documents as Confidential Material or Attorney's Eyes-Only material may be corrected by supplemental written notice given as soon as practicable. That written notice should provide the other Party with an identification of the production numbers of the inadvertently produced material, and the Producing Party should then re-produce the material with a proper designation. Nevertheless, the Receiving Party should treat the document as so designated in the interim.

9. To the extent a Party obtained copies of documents described in Paragraphs 3 or 5 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order. This Protective Order shall apply only to documents produced in this litigation. In particular, and without limitation, the Protective Order shall not apply to:

    a. any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulation and Protective Order, including becoming part of the public record through trial or otherwise; and

    b. any information obtained independent of discovery in this litigation or by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

10. If a Party that received documents or information designated as Confidential Material or Attorneys' Eyes-Only hereunder objects to such designation of any or all of such

materials, counsel shall make a good faith effort to resolve the dispute pursuant to the Court's most recent Individual Rules of Practice and in the following manner:

      a.     Counsel for the objecting Party shall serve on the designating Party or third-party a written objection to such designation, which shall describe, with specificity, the documents or information in question and shall state the grounds for objection.

      b.     Counsel for the designating Party shall respond in writing to such objection within seven days, and shall state, with specificity, the grounds for asserting that the document or information is Confidential Materials and/or Attorneys' Eyes-Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void.

      c.     If the designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then, pursuant to the Court's most recent Individual Rules of Practice, promptly confer in good faith in an effort to resolve the dispute;

      d.     If a dispute as to a Confidential Material and/or Attorneys' Eyes-Only designation of a document or item of information cannot be resolved by agreement, the Party that designated the material shall, within five business days of the Parties conferring, present the dispute to the Court, pursuant to the Court's procedures for resolving discovery disputes as set forth in its most recent Individual Rules of Practice. Material designated as Confidential Material and/or Attorney's Eyes-Only shall be treated as such until either the Parties resolve the dispute or the Court rules otherwise. Each Party reserves the right to object to the use or admissibility of the Confidential Material.

    e.    At all times, the Producing Party shall have the burden to establish good cause for its designation of material as Confidential Material or Attorneys' Eyes-Only.

11.    If a Party's attorneys intend to file with the Court ("Filing Party") any papers that attach, enclose, or contain Confidential Material or Attorney's Eyes-Only material (as defined in this Stipulation and Protective Order), either: (1) the Filing Party's attorneys shall advise the attorneys for the designating party of the Confidential Material or Attorneys' Eyes-Only information ("Producing Party") of the specific material they intend to file in writing at least seven business days prior to the filing, and attorneys for the Producing Party shall then promptly, and no later than five business days after receiving a Party's written intent to file, either provide consent to the filing in writing, or request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion; or (2) the Producing Party's attorneys shall have five business days after the filing to request or move the Court to direct that such documents remain under seal. Unless written consent to file publicly is given by the attorneys for the Producing Party, any papers filed with the Court in this action that refers to Confidential Material or Attorneys' Eyes-Only information or documents, or contain information derived therefrom, shall be filed initially under seal prior to the Court's resolution of the request or motion. The materials shall remain sealed with the District Clerk's Office until the Court rules on a timely filed motion to seal and, if granted, so long as the materials retain their status as Confidential Material or Attorneys' Eyes-Only.

12.    Confidential Material or Attorney's Eyes-Only material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the Receiving Party and their

counsel solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

13. Confidential Material and Attorney's Eyes-Only designated material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by a Court.

14. As for Confidential Material **only**, counsel for any Party may allow Plaintiff and Defendants to view and inspect Confidential Material as necessary to prosecute or to defend this action, respectively. However, Plaintiff shall not retain copies of Confidential Material.

15. The Parties shall not disclose Confidential Material to any person not a Party or a member of the staff of the Parties' attorneys' offices, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of each Party's case in this action, or trial of this action, or any appeal thereof.

    b. Disclosure before trial may be made only to:

        i An expert or consultant (including trial graphics or jury consultants) who has been retained or specially employed by a Party's attorneys in anticipation of litigation or preparation for this action;

        ii An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

        iii A witness at deposition;

        iv The Court, including court personnel; and

        v Any other person agreed to by the Producing Party.

    c. Before any disclosure is made to a person listed in subparagraph (b)(i) above, the Party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Confidential Material for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by counsel for the Party disclosing the information.

16. If an individual employee of DOCCS in the ordinary course of performing their daily job duties, unrelated to this litigation, discloses records containing any documents or information designated as Confidential Material by counsel for Defendants, such discovery and/or disclosure shall not be deemed a violation or waiver of this Order, provided however that Plaintiff may request a finding that such disclosure constitutes waiver of the confidentiality claim.

17. All provisions concerning disclosure of Confidential Material set forth in paragraphs 14 and 15 shall also apply to Attorney's Eyes-Only material except that Attorney's Eyes-Only material may further not be given to or shown to Plaintiff, or any current or former incarcerated individual, nor may Plaintiff's counsel otherwise disclose the contents of Attorney's Eyes-Only material to Plaintiff or any current or former incarcerated individual.

18. Confidential Material or Attorney's Eyes-Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel or Defendants' counsel, provided, however, that in the event that Plaintiff's counsel or Defendants' counsel intends to produce documents containing Confidential Material or Attorney's Eyes-Only material or that contain Confidential Material or Attorney's Eyes-Only material obtained from such documents in response to such order, counsel shall serve notice of

such order upon opposing counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Plaintiff or Defendants the opportunity to seek a protective order against such production.

19. Except as consented to in writing by Defendants' counsel or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material or Attorney's Eyes-Only designated by Defendants shall not be released or disclosed in any manner to any person who is or was an incarcerated individual in the custody of DOCCS, except, as for Confidential Material **only**, Plaintiff's counsel may, subject to Paragraph 14 above, allow Plaintiff to view and inspect documents or information designated as Confidential Material. However, Plaintiff shall not retain copies of Confidential Material.

20. The Confidential Material or Attorney's Eyes-Only material shall not be disclosed in open court without first affording opposing counsel an opportunity to contest disclosure and/or admissibility of such Confidential Material or Attorney's Eyes-Only material. For the avoidance of doubt, this paragraph does not apply to materials being filed on the Court docket, which is governed by paragraph 21 below.

21. If a Party intends to file with the Court any papers that attach, enclose, or contain Confidential Material or Attorney's Eyes-Only material (as defined in this Stipulation and Protective Order), and opposing counsel do not provide consent in writing, counsel for the filing Party shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion. For the avoidance of doubt, nothing in this paragraph requires counsel for the filing Party to seek consent from opposing counsel before filing a request for documents to be filed under seal.

22. If any Party or, as appropriate, non-party, intends to disclose Confidential Material during any hearing or trial before the Court, including through argument, filings, or the

presentation of evidence, such Party or, as appropriate, non-party, may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Material.

23.   Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this action, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the Producing Party ("clawback") on demand without any obligation on the part of the Producing Party to demonstrate compliance with Federal Rule of Evidence 502(b)(1)-(3) and Federal Rule of Civil Procedure 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the Receiving Party to dispute the Producing Party's claim of privilege.

24.   Within sixty (60) days of the conclusion of this Action, including appeals, counsel for each Party shall either return to counsel for the Producing Party all Confidential Material and/or Attorney's Eyes-Only material, and any copies thereof, in their custody, possession or control and any documents containing Confidential Material and/or Attorney's Eyes-Only material, in whole or in part, and any copies made therefrom or shall notify counsel for the Producing Party in writing that all such material has been destroyed. Notwithstanding the foregoing, Plaintiff's counsel and Defendants' counsel may retain: (1) attorney work product that refers to or relates to Confidential Material and/or Attorneys' Eyes-Only material and (2) copies of all documents filed with the Court, including documents filed under seal. Any retained Confidential Material and/or Attorney's Eyes-Only material will continue to be protected by this Stipulation and Protective Order.

25. Nothing in this Order shall foreclose the Parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraphs 3 and 5 herein.

Dated: New York, New York
February 12, 2025

| | |
|---|---|
| LETITIA JAMES<br>Attorney General<br>State of New York<br>*Attorney for Defendants*<br>David McMahon and Joseph A. Wassweiler | SIDLEY AUSTIN LLP<br>*Attorneys for Plaintiff* |
| Maurice K. Nwikpo-Oppong<br>*(digitally signed 2025.02.12)*<br>Maurice Nwikpo-Oppong, Esq.<br>Assistant Attorney General<br>28 Liberty Street, 18th Floor<br>New York, New York 10005<br>(212) 416-6097<br>Maurice.Nwikpo-Oppong@ag.ny.gov | /s/ Daniel J. Hay<br>Daniel J. Hay, Esq.<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>(202) 736-8000<br>dhay@sidley.com |

SO ORDERED:

HON. KENNETH M. KARAS
United States District Judge
Southern District of New York

2/13/2025

## **CERTIFICATION**

I certify my understanding that Confidential Material and/or Attorney's Eyes-Only material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in *Kravitz v. Purcell et al.*, No. 16 Civ. 8999 (KMK), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material and/or Attorney's Eyes-Only material, including but not limited to any notes or other transcriptions made of Confidential Material and/or Attorney's Eyes-Only material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____
ADDRESS

_____
TELEPHONE