

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, DISTRICT OF COLUMBIA 20005
+1 202 736 8000
+1 202 736 8711 FAX

+1 202 736 8048
DHAY@SIDLEY.COM

MEMO ENDORSED

June 16, 2025

**Via ECF**
Honorable Victoria Reznik
United States Magistrate Judge
United States District Court for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Kravitz v. Annucci*, No. 7:16-cv-8999 (KMK) (VR)

Dear Judge Reznik:

Counsel for Plaintiff submits this letter to update the Court on the status of any remaining discovery disputes, pursuant to the Court's order of May 29, 2025, ECF No. 226, and in response to counsel for Defendants' June 13, 2025 motion for an extension of time to file a joint letter advising the Court on whether there are any remaining discovery disputes, ECF No. 227. We also advise on Plaintiff's position regarding next steps following the end of discovery.

We respectfully submit that no extension is necessary to respond to the Court's May 29 order, because the parties' response should require just three words: discovery is complete. Defendants have advised that they have completed their production to all discovery requests, and the Court's orders of March 4 and May 29, 2025 resolved the remaining dispute regarding the production of and access to prison floor plans—specifically, (1) whether the Defendants should be required to produce the floor plans and (2) if so, under what circumstances can Plaintiff himself review them. While it is our practice to consent to reasonable requests for an extension, more time was spent discussing Defendants' request for an extension than would have been necessary simply to answer the Court's question.

In the course of meeting and conferring about this submission, however, Defendants have taken positions inconsistent with the clear meaning of the Court's May 29 ruling, and we believe it is necessary to put our position on the record to forestall any future dispute. First, counsel for Defendants has demanded that, when we review the floor plans in person with our client, we provide to him a log of "when and where, as well as please provide the names of all individuals (attorneys and support staff) who were in attendance." Defense counsel further has insisted that, when we meet with our client to review the prison floor plans, we "invite [him] to be present" during that review. Neither demand is required by the Court's ruling, and each would intrude on the attorney-client relationship and reveal both privileged communications and core attorney work product. For that reason, we do not intend to comply with Defendants' demands. In preparing for trial, we will be guided by and closely follow the Court's orders.

SIDLEY



The parties have had preliminary discussions about settlement. At Defendants' request, Plaintiff tendered a settlement offer to Defendants on January 22, 2025. Defendants have not yet communicated their decision. In the absence of a settlement, Plaintiff requests that this matter be scheduled for mediation or trial. This case has been pending for nearly nine years, and Mr. Kravitz is eager to put this painful incident of religious discrimination behind him—whether through settlement or by having his day in court. If the case is set for trial, Plaintiff anticipates a two-day trial.

We thank the Court for its attention in this matter.

Respectfully submitted,
*/s/ Daniel J. Hay*

Hiram S. Sasser, III (*pro hac vice*)
Keisha Russell (*pro hac vice*)
FIRST LIBERTY INSTITUTE
2001 W. Plano Parkway, Suite 1600
Plano, TX 75075
(972) 941-4444

Daniel J. Hay
Mackenzi J. Siebert Ehrett (*pro hac vice*)
Levi Brown (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K St. NW
Washington, DC 20005
(202) 736-8901

Defendants' request for an extension (ECF No. 227) is **GRANTED**, and the deadline for submitting a joint status letter is extended to **July 3, 2025**. Although the Court is skeptical that an extension is necessary given the small amount of discovery remaining after the May 29th order (ECF No. 226) and the statements made by Plaintiff in the instant letter (ECF No. 228), allowing a few more days at this late stage to provide for confirmation that all discovery is complete causes no harm.

The Clerk of Court is directed to close the gavel associated with ECF No. 227.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 6/17/2025